IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                    )<br>          Plaintiff,                )<br>                                    )<br>     v.                             )  No. _____<br>                                    )<br> THOMAS L. GREEN                    )<br> 2826 N. 28th Street                )<br> Philadelphia, PA 19132,            )<br>                                    )<br>          Defendant.                ) | |

## **COMPLAINT FOR PERMANENT INJUNCTION**

Plaintiff, the United States of America, by and through its undersigned counsel, seeks a permanent injunction against Defendant Thomas L. Green barring him from preparing or filing for others federal tax returns and other documents which claim false or inflated deductions, or which understate his clients' federal tax liabilities, and from engaging in other conduct that substantially interferes with the administration or enforcement of the internal revenue laws.

1. This civil action is commenced at the request of, and with the authorization of, the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and has been brought at the direction of the Attorney General of the United States pursuant to 26 U.S.C. §§ 7407(b) and 7402(a).

2. This civil action is brought by the United States of America under sections 7407(b) and 7402(a) of the Internal Revenue Code to permanently enjoin Green from:

   A. preparing or assisting in the preparation or filing of false or abusive federal tax returns or other related documents or forms for others, including but

    not limited to tax returns claiming false and/or inflated deductions and credits;

 B. engaging in any conduct subject to penalty under Code sections 6694 or 6701; and

 C. engaging in conduct that substantially interferes with the administration or enforcement of the internal revenue laws.

## JURISDICTION & VENUE

3. Jurisdiction over this action is conferred on this Court by 28 U.S.C. §§ 1331, 1340 and 1345, as well as 26 U.S.C. §§ 7407(b) and 7402(a).

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) because the defendant, Thomas L. Green, resides or conducts business in this district, and because a substantial part of the actions giving rise to this suit took place in this district.

## PARTIES

5. The Plaintiff is the United States of America.

6. Defendant Thomas L. Green resides in Philadelphia, Pennsylvania, within the jurisdiction of this Court.

## DEFENDANT THOMAS L. GREEN'S ACTIVITIES

7. Defendant Thomas L. Green was a self-employed tax preparer, who assisted his customers by preparing their tax returns for a fee.

8. In 1998, Defendant Green established Green's Tax Service, a sole proprietorship, at 2222 N. 29th Street, Philadelphia, Pennsylvania.

9. Defendant employed other persons as tax return preparers during tax season,

which is January through April of any given year. Green trained his employees in the methods he wished to use in preparing returns for clients of Green's Tax Service.

10. Between 2001 and 2005, Green prepared tax returns that reported false or inflated tax deductions and expenses on the Schedule A (Itemized Deductions) that improperly eliminated or substantially reduced his clients' federal income tax liabilities. The deductions that Green overstated on his customers' tax returns included employee business expenses and charitable contributions. Green's preparation of false income tax returns resulted in his clients receiving income tax refunds to which they were not entitled. The estimated loss of tax revenues that the United States suffered as a result of Green's activities as a tax return preparer during the years 2001 through 2005 exceeded $700,000.

11. On April 1, 2008, Green was indicted in the United States District Court for the Eastern District of Pennsylvania, on five counts of willfully aiding, assisting and advising in the preparation of false and fraudulent tax returns in violation of section 7206(2) of the Internal Revenue Code. The violations of section 7206(2) that gave rise to the five counts of the indictment are:

| Count | Tax Year | Date Return Filed | Taxpayers | Falsity |
|---|---|---|---|---|
| 1 | 2000 | February 5, 2001 | E.D. | Inflated deduction for charitable contributions, inflated deduction for employee business expenses |
| 2 | 2001 | April 5, 2002 | V.A., V.A. | Inflated deduction for charitable contributions, false deduction for employee business expenses, false deduction for personal property taxes |

3

| 3 | 2002 | April 5, 2003 | V.A., V.A. | Inflated deduction for charitable contributions, false deduction for employee business expenses, false deduction for personal property taxes |
| 4 | 2003 | February 21, 2004 | S.H. | Inflated deduction for charitable contributions, false deduction for employee business expenses |
| 5 | 2004 | February 5, 2005 | S.H. | Inflated deduction for charitable contributions, false deduction for employee business expenses |

12. On June 19, 2008, in United States v. Thomas Green, Criminal No. 2:08-cr-00183-NS, Defendant Green pleaded guilty to all five counts of the indictment. On September 24, 2008, he was sentenced to 20 months imprisonment on each of the five counts, to run concurrently, and one year of probation on each of the five counts, to run concurrently.

13. Green reported to federal prison on or about December 1, 2008, and was released on or about May 13, 2010. He was released from probation on or about May 12, 2011.

## COUNT I- INJUNCTION UNDER SECTION 7407

14. The allegations of paragraphs 1 through 13, inclusive, are realleged and incorporated by reference in this count as though fully set forth herein.

15. Sections 7407(b)(1)(A) and (D) of the Internal Revenue Code authorize a court to enjoin a tax return preparer from engaging in certain conduct if, *inter alia*, the court finds that the return preparer has engaged in conduct subject to penalty under Code section 6694 and that injunctive relief is appropriate to prevent the recurrence of the conduct.

16. Section 6694(b) of the Internal Revenue Code imposes penalties on a tax return preparer who wilfully attempts to understate the tax liability of another person or whose reckless or intentional disregard of rules and regulations results in the understatement of tax liability.

4

17. Green continually and repeatedly engaged in conduct subject to penalty under section 6694(b) by preparing tax returns for others for a fee that he knew contained false and inflated deductions and expenses on the Schedule A (Itemized Deductions) of those returns.

18. Injunctive relief is appropriate to prevent this misconduct because, absent an injunction, Green is likely to continue preparing and filing false and abusive federal income tax returns.

19. The Court should permanently enjoin Green under section 7407(b) from preparing or assisting in the preparation or filing for others federal tax returns and other documents which claim false or inflated tax deductions or which understate his clients' tax liabilities; engaging in any conduct subject to penalty under sections 6694 or 6701 of the Internal Revenue Code; and engaging in conduct that substantially interferes with the administration or enforcement of the internal revenue laws.

## COUNT II- INJUNCTION UNDER SECTION 7402(a)

20. The allegations of paragraphs 1 through 19, inclusive, are realleged and incorporated by reference in this count as though fully set forth herein.

21. Section 7402(a) of the Internal Revenue Code authorizes courts to issue injunctions "as may be necessary or appropriate for the enforcement of the internal revenue laws." The remedies available to the United States under that statute "are in addition to and not exclusive of any and all other penalties." 26 U.S.C. § 7402(a).

22. By preparing tax returns that improperly inflated the tax deductions and expenses that were claimed on his clients' federal income tax returns, and which improperly reduced his clients' federal income tax liabilities, Green engaged in conduct that substantially interfered with the enforcement of the internal revenue laws. Unless enjoined by this Court, Green is likely to

continue to engage in such conduct.

23. Green's conduct caused irreparable injury to the United States in the form of lost tax revenues and the costs associated with efforts that the Service was required to undertake in order to determine his clients' correct federal income tax liabilities. The United States has no adequate remedy at law for Green's illegal actions.

24. An injunction under section 7402(a) is necessary and appropriate to redress the irreparable injury Green's conduct caused the United States.

25. Denying an injunction against Green would result in irreparable harm to the United States. Unless Green is enjoined from preparing tax returns that falsely overstate his clients' tax deductions or credits, the Service will be required to devote substantial time and resources to identifying his customers, and examining their tax returns to determine whether they are substantially correct. Pursuing all individual customers may be impossible given the Service's limited resources. If Green is not enjoined from preparing false tax returns, the United States will suffer irreparable harm in the form of the loss of tax revenues and will continue to pay or overpay tax refunds to taxpayers who are not entitled to them.

26. Granting the requested injunction will result in no harm to Green, because under the injunction he will simply be required to obey the law. Granting the injunction against Green is in the public interest because it will prevent him from further engaging in illegal conduct and causing harm to the United States.

27. The Court should permanently enjoin Green under section 7402(a) from preparing or assisting in the preparation or filing for others of federal tax returns and other documents which claim false or inflated tax deductions or which understate his clients' tax liabilities, and engaging in conduct that substantially interferes with the administration or enforcement of the

6

internal revenue laws.

**WHEREFORE**, the Plaintiff, the United States of America prays:

A. That the Court find that Green has engaged in conduct subject to penalty under 26 U.S.C. §§ 6694 and 6701 by overstating the deductions claimed on Schedule A of his clients' tax returns or understating his clients' federal tax liabilities that interfered with the enforcement of the internal revenue laws, and that permanent injunctive relief preventing Green from preparing or assisting in the preparation or filing of abusive federal tax returns is appropriate under 26 U.S.C. §§ 7402(a) and 7407(b);

B. That the Court, under 26 U.S.C. §§ 7402(a) and 7407(b), enter a permanent injunction prohibiting Green from preparing or assisting in the preparation or filing for others federal tax returns and other documents which claim false or inflated tax deductions or which understate his clients' tax liabilities; engaging in any conduct subject to penalty under 26 U.S.C. §§ 6694 or 6701; and engaging in conduct that substantially interferes with the administration or enforcement of the internal revenue laws;

C. That the Court order that the United States is permitted to engage in post-judgment discovery to ensure compliance with the permanent injunction; and

D. That the Court award the United States of America such other and further relief that the Court deems appropriate.

DATE: June 11, 2012

                      ZANE DAVID MEMEGER
                      United States Attorney

                      */s/ Ann E. Nash*

                      ANN E. NASH
                      Trial Attorney, Tax Division
                      U.S. Department of Justice
                      P.O. Box 227
                      Washington, DC 20044
                      Telephone:  (202) 307-6489
                      Fax:        (202) 514-6866
                      ann.e.nash@usdoj.gov